## McLAUGHLIN *a.* NICHOLS.

*Supreme Court, Second District; General Term, Sept.,* 1861.

### PLEADING FOREIGN JUDGMENT.

A complaint on a judgment of a foreign court of inferior jurisdiction must state facts showing that the court had jurisdiction, both of the person and of the subject-matter.

A complaint on a judgment of a circuit court of another State—*e. g.*, the Warren County Circuit Court in New Jersey—must either aver the fact of the existence of a general jurisdiction in that court, or of a limited jurisdiction which extended to the cause of action for which the judgment was recovered, whatever it was, and also that the court had or obtained jurisdiction of the person of the defendants.

Appeal from an order overruling a demurrer.

The action was upon a judgment recovered in another State. The complaint was in the following form:

The plaintiff states the following facts as constituting his complaint and cause of action herein, that the defendant is justly indebted to him in the sum of, &c., together with interest thereon, from, &c., which said indebtedness arose and accrued as follows:—That heretofore, to wit, on, &c., in Warren County Circuit Court, State of New Jersey, the plaintiff, by the judgment and consideration of the said court then there, recovered a judgment against the defendants in said court for the sum of, &c., as appears by the record of the said court, or to a duly authenticated copy thereof will more fully and at large appear,

and to which, for greater certainty,. refers, when the same shall be duly produced and proven, and the plaintiff says that he is the true and lawful owner and holder of the said judgment, and that the amount of the said judgment, together with interest thereon from the date of said judgment, is actually due and owing to the plaintiff from'.the defendants, the same, nor no part thereof, having been paid or in any way satisfied, and that the said judgment is a subsisting judgment in full force and effect, being in no respect altered or modified.

To this complaint one of the defendants demurred, on the ground that it did not state facts sufficient to constitute a cause of action. ·

Judgment having been given for the plaintiff on the demurrer, at special term, the defendant appealed.

*C. Bainbridge Smith*, for the appellant.

*Waring & Sidell*, for the respondent.

By THE COURT.*—EMOTT, J.—This is an action on a judgment alleged to have been recovered " in Warren County Circuit Court, State of New Jersey," by the plaintiff against the defendants. The complaint contains no averment of any facts to give jurisdiction to the court in which the judgment was rendered, either of the persons of the defendants or of the cause of action, nor does it state what the jurisdiction of. the court is. The defendants demurred on account of the absence of these averments. Their demurrer was overruled as frivolous, and they have appealed.

The complaint cannot be vindicated by the Code, since it does not conform to the rule given by section 161, if that applies to foreign judgments or judgments of another State, which has been doubted. This pleading contains nothing but an averment that on a certain day, in Warren County Circuit Court, State of New Jersey, the plaintiff, by the judgment and consideration of the said court, recovered a judgment against the defendants for so much, as by the record of such judgment, or a duly authenticated copy thereof, when produced and proven, will appear,

---

* Present, EMOTT, BROWN, and SCRUGHAM, JJ.

and to which the plaintiff refers. This does not make the judg-
ment-record a part of the complaint, so that all which it may
contain must be read as a part of the pleading. Nor is it a
profert of the record, as has been suggested, so that giving oyer
will cover any difficulties and supply any defects in the com-
plaint. The plaintiff does not propose to bring his record into
court; he refers to it or to a copy of it, when produced and
proven, as he would to any other evidence. Besides oyer is no
longer given of the records and proceedings of courts, if it was
ever demandable. (2 *Den.*, 104.)

The judgment of a court of another State is entitled, by the
Constitution of the United States, and the Act of Congress of
May 26, 1790, passed in pursuance of the constitutional pro-
vision, to the same faith and credit as it would have in the
State in which it was rendered. No judgment, however, is of
any avail, if the court do not possess jurisdiction of the parties
or the subject-matter. If jurisdiction did not exist, the judg-
ment is void, and there is no record. Facts to prove the want
of jurisdiction, and even to contradict the averments of the
record itself in that respect, may be pleaded and proved against
any record. If the court in which the judgment was recovered
be one of general jurisdiction, it will be presumed to have had
or acquired jurisdiction of the case. But if it be an inferior
and limited jurisdiction, then the rule is that facts to show
jurisdiction of the subject, as well as of the person, must be
averred. This is the rule as to judgments and proceedings of
domestic tribunals, and it is the rule for complaints and declara-
tions, as well as pleas. (*Willes*, 413; 7 *Hill*, 35, and cases
cited in note; 3 *Comst.*, 193.) The general rule is, that a dec-
laration on a judgment of a court of inferior jurisdiction must
state facts showing that the court had jurisdiction, both of the
person and the subject-matter.

We are not informed, by this pleading, of the jurisdiction of
the Warren County Circuit Court in New Jersey, nor whether
it has jurisdiction of the subject of the suit which it is alleged
was brought in it by the plaintiff against the defendants. It is
not stated whether it is a court of general or limited jurisdic-
tion, and we have no judicial knowledge upon that subject, for
its jurisdiction depends upon the statutes of New Jersey, of
which we can only take notice when they are pleaded and

proved as facts.* The complaint should have averred the fact of the existence of a general jurisdiction in this court, or of a limited jurisdiction, which extended to the cause of action for which the judgment was recovered, whatever it was. It should also have stated that the court had or obtained jurisdiction of the person of the defendants. The present complaint is, therefore, defective, and the demurrer should have been allowed.

The judgment for the plaintiff should be reversed, and judgment rendered for the defendants, with costs, with leave to the plaintiff to amend on the usual terms.

---

* Compare Foot *a.* Stevens (17 *Wend.*, 483), where it is said that Courts of Common Pleas and County Courts of other States, are to be presumed of general jurisdiction.