## Case No. 17,670.

WILKINSON et al. v. DOBBIE et al.

[12 Blatchf. 298.] [1]

[Circuit Court, N. D. New York. Sept. 1, 1874.

APPOINTMENT OF RECEIVERS — PRELIMINARY INJUNCTION—PLEADING—MULTIFARIOUSNESS.

1. W., trustee of a bankrupt, filed a bill in equity, setting forth that P., the bankrupt, had owned a vessel, and had made a preferential transfer of an undivided half of it to S., who had transferred it to G., and he to T., each transferee having knowledge of the fraudulent character of the original transfer. The bill set forth that, if T. had any interest in the vessel, there was an irreconcilable difference between the plaintiff and T. in regard to the management, disposition and navigation of the vessel, and that T. had forcibly seized the vessel from the possession of the plaintiff. The prayer of the bill was, that the transfers be adjudged void, and for a temporary injunction and a receiver, and, if T. should be adjudged a part owner, for an accounting, and a sale of the vessel, and a distribution of the proceeds. The plaintiff moved for an injunction and a receiver. P., S., G. and T. were defendants in the bill, and denied all fraud: Held, that the motion must be denied.

2. An injunction will not be granted, or a receiver appointed, where it is not apparent that the ultimate determination of the suit in favor of the plaintiff is reasonably probable.

3. The bill should aver joint ownership in the plaintiff and T., to warrant preliminary relief.

4. If it did aver such joint ownership, it would be multifarious, as asking, also, to set aside the transfers as fraudulent.

In equity. This was a motion for a preliminary injunction and the appointment of a receiver. The bill set forth the appointment of the plaintiffs [Alfred Wilkinson and others] as trustees of the estate and effects of White, Barnard & Page, who were adjudicated bankrupts on the petition of creditors, filed on the 24th of July, 1873, and that an assignment by the bankrupts, pursuant to

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

law, of all their estate, real and personal, was made to the plaintiffs. It then stated: "That, for some time prior to the 22d of April, 1873, the defendant Alanson S. Page, one of the bankrupts, was the registered owner of the vessel called the Alanson Sumner," but that, in fact, the said vessel was the property of all of the bankrupts, and had been purchased with their money. It then alleged, that, on or before the 21st of January, 1873, Page made a fraudulent and preferential transfer of an undivided one-half of said vessel to the defendant Sallie F. Dobbie, and she subsequently made a transfer of the same to the defendant Gilchrist, and he to the defendant Thomas Dobbie, and that each of these transfers was made with full knowledge of the fraudulent and preferential character of the original transfer. After stating fully the facts showing the fraudulent character of these transfers, the bill proceeded as follows: "And your orators further show, that, in case it should be held and decided by this honorable court that the said Thomas Dobbie has any interest whatever in the said vessel, your orators allege that there is an irreconcilable difference between your orators and the said Thomas Dobbie, in regard to the management, disposition and navigation of said vessel," particularizing this allegation by setting out in detail, that, while the plaintiffs were in the peaceable and exclusive possession of said vessel, said Thomas Dobbie forcibly and riotously dispossessed the plaintiffs and took exclusive possession of the same. The prayer for relief asked that said transfers be adjudged fraudulent and void, and for a decree that the plaintiffs are the sole owners of said vessel, and for a temporary injunction and a receiver, and in the event that the court should adjudge that the said Thomas Dobbie was a part owner of said vessel, "that an accounting may be had between the parties who may be found to own said vessel, the vessel sold, and the proceeds distributed according to the interests of the parties." Upon this bill, and affidavits, and upon affidavits and exhibits on the part of the defendants fully denying all the averments of fraud, and averring that they had a valid title to an undivided half of the vessel, the motion was presented.

Henry E. Davies, William O. Ruger, and Charles T. Richardson, for plaintiffs.

Albertus Perry and William A. Poucher, for defendants.

WALLACE, District Judge. So far as this motion is predicated upon the alleged fraudulent or preferential transfer of the vessel, the complainants should not prevail upon the facts as they appear upon the hearing. An injunction will not be granted, or a receiver appointed, where, upon the hearing of the motion, it is not apparent that the ultimate determination of the suit in favor of the complainants is reasonably probable. The defendants fully meet and deny all the allegations of the bill as to this branch of the case, and support their denial by affidavits and exhibits which strongly corroborate it.

Upon the argument, reliance was mainly placed upon the ground that the complainants and Thomas Dobbie are joint owners of the vessel, between whom irreconcilable differences exist, of such character as to justify equitable interference and appropriate preliminary relief. The affidavits upon the part of the defendants show, that Thomas Dobbie and the complainants are joint owners of the vessel; but, objections fatal to any relief to the complainants upon this ground arise upon their bill. The bill does not aver that the complainants and Thomas Dobbie are such joint owners, or that the complainants have any interest except such as exists because the transfer by Page was fraudulent. It does aver, that, at and prior to the 22d of April, 1873, the bankrupts were the owners of the vessel, and that, at a subsequent time specified, a half interest was transferred, which Thomas Dobbie now claims to own, thereby raising the inference that the other half was not transferred and became the property of the complainants. As a question of evidence, the conclusion would be legitimate, upon the rule that a state of facts once shown to exist is presumed to continue until the contrary is shown. But this rule does not obtain in construing pleadings. Facts must be specifically stated, and conclusions upon inference or argument are not tolerated. The hypothetical averment of irreconcilable differences between the parties, which exist "in case it should be held and decided by the court that Thomas Dobbie has an interest in said vessel," does not aid the pleading. The court will not find, or seek to find, any interest which is not claimed to exist by the bill. No relief can be decreed finally except such as conforms to the case made by the bill as well as by the proofs—secundum allegata et probata—and, as none can be granted finally, none should be granted preliminarily, upon this ground. On the other hand, if the bill sufficiently averred facts showing that Thomas Dobbie and the complainants are joint owners, and that such differences exist as to require a receiver to be appointed and a sale to be ordered, then such averments would render the bill multifarious and demurrable, and for this reason the motion should be denied.

It is not permissible for a complainant to unite in his bill two inconsistent causes for equitable relief. An action to set aside a transfer as fraudulent, in which the court is asked to adjudge the defendant's title to the vessel void, and one where the transfer is alleged to be valid and the complainant claims relief on the theory of a subsisting joint interest with the defendant by reason of the transfer, proceed on entirely different grounds, and are utterly repugnant to each

other. Both theories cannot be true on any hypothesis of fact, or by any fiction of law. Analogous cases are those in which it was attempted to unite a cause of action for a forfeiture of a lease, and an injunction, on the theory that the lease was still subsisting; a cause of action to set aside a contract for fraud; or, if valid, to enforce its specific performance; a claim to recover purchase money in arrear upon a contract, and for a forfeiture of the contract, in all of which the causes of action were held to be inconsistent. Even a defendant cannot avail himself, by answer, of two defences which are so inconsistent with each other that, if the matters constituting one defence are truly stated, the matters upon which the other defence is attempted to be based must necessarily be untrue in point of fact. Hopper v. Hopper, 11 Paige, 46; 1 Barb. Ch. Prac. (2d Ed.) 41, note.

In this case, upon the theory of a fraudulent transfer, the bankrupts, Sallie Dobbie and Thomas Dobbie are necessary parties, while, upon the other theory, none of the defendants would be proper parties but Thomas Dobbie. A bill may be framed with a double aspect, and alternative relief be demanded, but no relief can be demanded which is not consistent with a state of facts conceded in the bill. Where the complainant is ignorant of the facts, he may allege his ignorance, call for a discovery, and frame his prayer so as to obtain such relief as it may appear he is entitled to; or where, upon the facts stated, he is uncertain as to the relief to which he is entitled, he may ask for alternative relief. These are the limitations which apply to a bill with a double aspect. Lloyd v. Brewster, 4 Paige, 537. It can hardly be contended that the bill in this case is within them. The complainants having so framed their bill as in effect to deny the existence of any state of facts inconsistent with a fraudulent transfer of the vessel and a title void in law, they must stand or fall upon the issue they thus have tendered. The motion is, therefore, denied, with costs.