De Nobele agt. Lee *et al.*

## N. Y. SUPERIOR COURT.

EDOUARD DE NOBELE and FELIX VANVERSTICHELEN, curateurs of the estate of JOHN PFEFFER & Co., plaintiffs and respondents, agt. STEPHEN LEE *et al.*, defendants and appellants.

*Complaint — when should be made more definite and certain — Conditions precedent, how pleaded — Pleading foreign judgment — Code of Civil Procedure, sec.* 533 — *Whether this section applies to foreign judgments or judgments of any other state doubtful.*

Where plaintiffs claim the right to maintain the action in some representative capacity conferred on them by some foreign tribunal, and that the cause of action passed to them by virtue of their appointment and by virtue of the operation of the laws of a foreign country:

*Held, first,* that these matters constitute traversable facts as to which defendants should have definite information.

*Second,* it is doubtful whether section 533 of the Code of Civil Procedure applies to foreign judgments or judgments of any other state.

*General Term, June,* 1881.

*Before* SEDGWICK, *Ch. J., and* FREEDMAN, *J.*

APPEAL from order denying defendants' motion to have the allegations contained in the first paragraph of the complaint made more definite and certain.

*Childs & Hull,* for appellants.

*Evarts, Southmayd & Choate,* for respondents.

FREEDMAN, *J.* — Whether section 161 of the Code applies to foreign judgments or judgments of any other state, has been doubted (*Hollister* agt. *Hollister,* 10 *How.,* 532; *McLaughlin* agt. *Nichols,* 13 *Abb.,* 244); and as section 533 of the Code

De Nobele agt. Lee *et al.*

of Civil Procedure is simply a re-enactment of section 161 of the preceding Code, the doubt equally attaches to that. I do not deem it necessary, however, to decide the question, as there are other considerations for which the motion should have prevailed to some extent, at least. The plaintiffs' cause of action is not on a foreign judgment against the defendants. The plaintiffs claim the right to maintain the action in some representative capacity conferred on them by some foreign tribunal, and that the present cause of action, if any, passed to them by virtue of their appointment and by virtue of the operation of the laws of a foreign country. Their allegation is, " that heretofore and on or about the 10th day of November, 1880, the plaintiffs were, by the proper courts of Belgium, appointed curateurs of the estate of the firm of John Pfeffer & Co., who were then and had theretofore been residing and doing business in Ghent, in said Belgium; such courts having jurisdiction of the said firm of John Pfeffer & Co. and of the matter of the appointment of curateurs of their estate, and such appointment as curateurs as aforesaid was thereupon duly accepted by the said plaintiffs; and that the plaintiffs, as such curateurs, on or about the 10th day of November, 1880, became, and have ever since been and now are, vested with all the assets and estate of such firm of John Pfeffer & Co., including all claims and demands of whatsoever nature due or owing to them, and including the claims and demands in favor of said John Pfeffer & Co. against the defendants hereinafter mentioned." This is not a sufficient statement of the nature of the proceedings in the course of which the appointment was made, nor of the nature of the judgment or determination by which the appointment was conferred, nor of the title of the court that gave the judgment or made the determination, nor of the place where the said court was located or held its sittings, nor of the jurisdiction of the said court to entertain the proceeding which terminated in the appointment. These matters, under the peculiar circumstances of the case, constitute traversable facts as to which

the defendants may well claim definite information before answering. Their claim in these respects is a substantial right, and to this extent their motion should have been granted.

The order should be reversed, with costs, and defendants' motion granted in conformity with the foregoing views.