### PEOPLE ex rel. BATCHELOR v. BACON.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

JUDGMENTS—PLEADING—MANDAMUS.

Under Code Civ. Proc. § 532, providing that, in pleading a judgment, it must be stated that the judgment was "duly given or made," it is not sufficient, in mandamus to compel a clerk to issue execution, to state that the judgment was recovered, and duly entered and docketed, since this may all be true though the judgment was not duly recovered.

Barrett, J., dissenting.

Appeal from special term, New York county.

Mandamus by the people, on the relation of George Batchelor, against Frank C. Bacon, clerk of the municipal court of the city of New York, borough of Manhattan, First district. From a judgment sustaining a demurrer to the writ (54 N. Y. Supp. 409), relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Otto H. Droege, for appellant.

Russell L. Tarbox, for respondent.

O'BRIEN, J. It was sought by the writ to compel the clerk of the municipal court of the city of New York, First judicial district, to issue an execution, and deliver a transcript of judgment. The ground upon which the demurrer was sustained is that the writ does not state facts sufficient to entitle the relator to the relief asked, or to any relief by way of mandamus. Although it is suggested on this appeal, as it was in the court below, that the judgment referred to in the writ has been vacated by order of the court, it is pointed out by the appellant that, whether or not this be so, the judgment was in full force at the time the writ was granted. This shows the liability to error which is always likely to result from a consideration of facts outside of the record. Here we have the writ and the demurrer thereto; and its sufficiency must be determined by resort alone to the language of the writ. It is therein stated that:

"On the 12th day of January, 1898, in an action brought in the district court in the city of New York, for the First judicial district, in which George Batchelor was plaintiff and Antonio Rasines was defendant, a judgment was recovered by said plaintiff against said defendant in said action for the sum of one hundred and seventy-seven and $16/100$ dollars ($177.16), which judgment was duly entered and docketed in the clerk's office of said court, and has not been satisfied or released by the said plaintiff or his attorneys, and that no appeal has been taken from said judgment or notice of appeal been given as required by law."

Then follows a statement of a demand by the relator for a transcript, and the issuance of an execution by the clerk, and the latter's refusal.

Under the Code (section 2082) an alternative writ is now to be construed in the same manner as a complaint in an action; and the ground of demurrer should be apparent upon the face of the writ. The ground of demurrer assigned is that it is not stated that the judgment continues in existence or is in full force and effect; and in that connection the argument is that the allegation that the judgment "has not been satisfied or released by the plaintiff or his attorneys, and that no appeal has been taken from said judgment," falls far short of such a statement, because, while it may be literally true, it might be equally true that the judgment had been vacated by order of the court. This contention was upheld by the learned judge at special term, who in his opinion says:

"By thus carefully rebutting these particular facts, he invites the inference that another fact may exist which would affect it, and which he has therefore foreborne to mention, and which would destroy his right to relief. Judged by his own form of pleading, therefore, his writ is defective, and it does not seem necessary to force his adversary to set up as a defense the omitted fact, when, upon his own theory of pleading, he was bound to negative such fact with the other enumerated by him."

The appellant insists that all these statements were unnecessary, and were properly matters of defense, and that, having alleged the

recovery of judgment, there was a presumption that it continued to exist. As pointed out below, while this is the rule ordinarily applicable to pleadings, cases are to be found on both sides of the question (People v. Fadner, 10 Abb. N. C. 462; Wilkinson v. Dobbie, 12 Blatchf. 298–301, Fed. Cas. No. 17,670); but the appellant "has not been content to rely upon the legal presumption of the continuance of his judgment, but has deemed it incumbent upon him to negative facts which might affect his record."

Without, however, assenting to this view, we think there is another ground which is fatal to the writ. By section 532 of the Code it is provided:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made."

This is a substantial re-enactment of section 161 of the old Code, which was construed in the case of Hunt v. Dutcher, 13 How. Prac. 539, wherein it was said:

"A justice's court is a court of special or limited jurisdiction. In pleading the judgment of such a court, it is necessary at common law to show that the court had jurisdiction of the subject-matter and of the person of the defendant. * * * It may not be necessary, and probably is not, to use in the pleading the precise language of the statute, but words to the same effect and substance must be used. To say that a judgment is entered is merely to allege the single fact of the entry of the judgment, without including an averment that it was properly or lawfully done. All this is embraced in the language of the Code that the judgment was duly given or made. The word 'entered' or 'perfected' may be equivalent to the word 'made' or 'given,' but the word 'duly' is most essential. It can hardly be dispensed with, and satisfy the terms of the statute. I can imagine no single word that will supply its place."

And in Brownell v. Town of Greenwich, 114 N. Y. 527, 22 N. E. 24, it is said:

"'Duly,' in legal parlance, means according to law. It does not relate to form merely, but includes form and substance both."

The statement here is that the judgment was recovered. But there is nothing to show the nature of the action, or that the court had jurisdiction of the subject-matter or of the person of the defendant; and, although there is the statement that the judgment was duly entered and docketed, this may be all true, and yet the judgment may never have been duly recovered, for it must be remembered that a judgment illegally obtained may thereafter be "duly entered or docketed." If the judgment had been sufficiently pleaded, we should have been inclined to think that, as a matter of strict pleading, it was not necessary for the relator to negative every defense that the defendant might set up. But we think that the failure properly to allege the judgment by showing the jurisdictional facts, or that it was "duly given or made," was equally, as a matter of strict pleading, a fatal omission from the writ. Upon this ground, therefore, the judgment appealed from should be affirmed, with costs. All concur, except BARRETT, J., dissenting.

BARRETT, J. (dissenting).   This is not an action upon the judg-
ment.  If it were, as the court which rendered it was of special
jurisdiction, an averment either of the facts conferring jurisdic-
tion, or that the judgment was duly given, would undoubtedly have
been requisite.  It is simply a proceeding to compel the clerk of
the court that gave the judgment to perform the ministerial act
of issuing execution thereupon, as he is expressly commanded to
do by statute.  In my judgment, the alternative writ need not in
such a proceeding set forth either the special facts which gave the
inferior court jurisdiction, or, as authorized by section 532 of the
Code of Civil Procedure, that the judgment was duly given.   The
inferior court here assumed jurisdiction, took cognizance of the ac-
tion, and gave the relator judgment.  It thus presumptively deter-
mined, in an action in which it had jurisdiction of the person of the
plaintiff therein (King v. Poole, 36 Barb. 246), that it was author-
ized to grant the judgment that it gave (State v. Scott, 1 Bailey,
294;  Clary v. Hoagland, 6 Cal. 685).   As to that plaintiff, its deci-
sion was binding.  The decision of any inferior court in favor of
its own jurisdiction is certainly binding prima facie upon the magis-
trate who made it, as between himself and the person in whose favor
it was given.  If such a court, after thus assuming and exercising
jurisdiction, discovers its error in that respect, it must, when fur-
ther moved by the suitor in whose favor it has determined other-
wise, point out its error.  That burden, at least, rests upon it.  After
determining that he has jurisdiction, and acting upon that deter-
mination, the magistrate cannot arbitrarily refuse to complete what
he has begun, and, when brought into court upon mandamus, say
to the relator (for that, in effect, is what he does say if he demurs
to the alternative writ):  "Show me my authority for doing what
I did."  The relator may well answer:  "I have shown it, prima
facie, at least, as between you and me, when I allege your own judi-
cial action in my favor.  If that action was without jurisdiction,
make a return to that effect showing how, and the question you
raise can then be determined upon my demurrer or traverse."

   Why is this not a reasonable view of where the burden properly
rests?  The contention that it rests upon the relator is based upon
the notion that, because he recites in his writ that the court gave
him judgment, that recital must be treated as "pleading a judgment
of a court of special jurisdiction," within the contemplation of sec-
tion 532 of the Code.  The respondent's mistake is just there.  The
judgment is not directly in issue.  The importance of this consider-
ation was adverted to in Jackson v. Jones, 9 Cow. 182.  It was there
held that, where title to land was obtained upon a sale under execu-
·tion on a justice's judgment, the transcript whereof had been filed
in the county clerk's office, it was not necessary in ejectment to
show the facts which gave the justice jurisdiction.  Upon this point,
Sutherland, J., said:  "The judgments themselves are not directly
in issue.  The defendant is a stranger to them.  They are drawn in
question collaterally.  They are, as between these parties, to be
considered as judgments of the common pleas, and as valid and
regular until impeached."  This rule was reaffirmed in Jackson v.

Tuttle, 9 Cow. 233, and followed in Dickinson v. Smith, 25 Barb. 105. In the latter case, Johnson, P. J., said that the transcript was "prima facie evidence that such justice had jurisdiction to render the judgment." This was because the statute itself gave the lien upon the filing of the transcript. The "transcript," said the court in Jackson v. Tuttle, supra, "it is conceded, is an authority to the clerk to issue an execution. It must then be evidence of a judgment having been rendered, for nothing but a judgment can warrant an execution." It would seem that, if the burden in such a case is imposed upon the defendant to impeach the justice's judgment, the same burden should, with greater reason, be imposed upon the magistrate himself who gave the judgment, when that officer refuses to issue an execution thereon. Why, indeed, should not the ordinary presumption of the regularity of official action be invoked in such a case against the officer himself? Not only is the judgment here not directly in issue, but it is not really the gravamen of the writ. The gravamen is the refusal to issue process thereon. The judgment is but the antecedent fact upon which the refusal operates. The principle would be the same had the magistrate set the case down for hearing, and, on the day fixed, refused the hearing; or had he tried the case, and then refused to decide it; or had he decided the case, and then refused to sign and enter the judgment. In an alternative writ of mandamus predicated upon any one of these illustrative incidents, the antecedent fact would have to be recited to give point to the charge of refusal to act. But, surely, it would not be necessary to couple with each of such recitals the facts which gave the magistrate jurisdiction,—in the first case, to set the action down for hearing; in the second, to proceed with the hearing had; in the third, to decide the case after the hearing had. Pushing the illustration a step further, we have the present case. Here the refusal to proceed was after all these points of judicial action had been passed, and the court had actually signed and entered the judgment. Why should it be necessary to couple jurisdictional facts with this particular charge merely because a judgment was behind the refusal to act? If unnecessary in pleading refusal to act anterior to the judgment, it would seem to be equally unnecessary with regard to subsequent nonaction.

Now, if the relator is not bound, as against the inferior court or the justice thereof, in his alternative writ, to allege the facts conferring jurisdiction, but may properly await an allegation of nonjurisdiction in the return, then, a fortiori, the like rule applies to the clerk of the same court. The latter is not a mere ministerial officer, but the agent by whom the judgments of the court are to be enforced. People v. Gale, 13 How. Prac. 268. As was said by Mitchell, J., speaking for the court of appeals in this case:

"It cannot be that the judges themselves are liable to this writ if they will not proceed and pronounce judgment, and that the officer who has no discretion to exercise, but is bound to issue the execution founded on the judgment of the court, can, in effect, make void the judgment by refusing to issue the execution founded on it, and that the judgment creditor is to be left without any specific means to obtain the execution which the law entitles him to."

See, to the same effect, Terhune v. Barcalow, 11 N. J. Law, 38, and Laird v. Abrahams, 15 N. J. Law, 22.

In the present writ it is alleged that, in an action brought in the court in which the relator was plaintiff and one Rasines was defendant, a judgment was recovered by said plaintiff against said defendant in said action, for the sum of $177.16, which judgment was duly entered and docketed in the clerk's office of said court. Can it be that, when the clerk of that court is applied to for an execution on that judgment, he can say to the successful suitor: "You must first show that the court of which I am the agent and part of the machinery had jurisdiction to grant you this judgment"?. This is precisely what he says when he demurs to the writ upon the ground that it neither states the facts conferring jurisdiction nor that the judgment was duly given. or made. This position is surely untenable. As to the clerk, the judgment of his court is presumptively valid, and his duty is either to issue the execution thereon or to show affirmatively that the judgment is invalid. The other points made by the respondent are, in my judgment, frivolous and unworthy of consideration.

The interlocutory judgment should be reversed, and the demurrer overruled, with costs of the appeal and of the court below, with leave to the respondent, upon payment of such costs, to withdraw his demurrer, and make a proper return to the alternative writ.

