MEARS, RESPONDENT, v. SHAW, SHERIFF, APPELLANT.

(No. 2,111.)

(Submitted May 6, 1905.   Decided July 3, 1905.)

*Claim and Delivery—Pleading—Judgments—Necessary Allegations.*

Judgments—How to be Pleaded.
　　1.　Under Code of Civil Procedure, section 745, providing that in pleading a judgment it is not necessary to state the facts conferring jurisdiction, but the judgment may be stated to have been "duly given or made," a complaint alleging that on a certain date certain parties were adjudged bankrupts by the district court of the United States at a term of the court held in a certain city, in proceedings then pending in that court, under the provisions of the Bankruptcy Act of July 1, 1898, was an insufficient allegation of the rendition of the adjudication, in that it failed to allege that it was "duly given or made."

Claim and Delivery—Complaint—Insufficiency.
　　2.　*Obiter:* A complaint in claim and delivery is fatally defective which upon its face shows that the defendant did not have the property in his possession at the time the action was brought.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by J. L. Mears, as trustee of the Deerfield Mercantile Company, a bankrupt, against Thomas M. Shaw, sheriff of

Fergus county. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Messrs. Kirk & Clinton,* for Appellant.

*Messrs. Huntoon, Worden & Smith* and *Mr. H. S. Hepner,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in claim and delivery. The property which was the subject of litigation consisted of merchandise. The complaint alleges that in September, 1902, Myers and Huson were copartners, doing business in Fergus county as the Deerfield Mercantile Company. Paragraph 2 of the complaint is as follows: "That on or about the said 13th day of September, 1902, the said Deerfield Mercantile Company and the said Addison Myers and E. A. Huson were each and all adjudged bankrupts by the district court of the United States in and for the district of Montana, at a term of said court held at the city of Helena, Montana, in proceedings then and there pending in said court, under the provisions of an Act of the Congress of the United States entitled 'An Act to establish a uniform system of bankruptcy throughout the United States,' approved July 1, 1898."

It is alleged that on or about October 17, 1902, this plaintiff was elected trustee of said bankrupt estate, and that he immediately thereafter qualified and assumed the duties of his trust. It is then alleged that at the times mentioned in the complaint the defendant was sheriff of Fergus county; that on August 13, 1902, he seized the property in controversy under and by virtue of a writ of attachment issued from the district court of Fergus county in an action wherein Louis S. Cohn was plaintiff and the Deerfield Mercantile Company was defendant; that a judgment in said action was entered on September 10, 1902, and execution issued thereon; that under such

execution the defendant sheriff sold the goods in controversy on September 16, 17 and 18, 1902. The value of the property at the time of the sale and at the date of the commencement of this action is alleged to have been $1,360.19. It is further alleged that on October 20, 1902, and on February 13, 1903, the plaintiff demanded from the defendant Shaw the goods, wares, merchandise, personal property, and money so levied upon and held by him belonging to the said Deerfield Mercantile Company, but that he defendant refused to deliver the same to the plaintiff. The prayer of the complaint is for the return of the property, or for $1,360.19, its value, in case return could not be had. To this complaint the defendant interposed a general demurrer, which was overruled, and thereafter filed his answer, and to this answer the plaintiff replied.

Upon the trial the jury returned a verdict in favor of the plaintiff, and fixed the value of the property at $1,050. Upon this verdict, judgment was rendered and entered, and from the judgment, and from an order overruling his motion for a new trial, the defendant appealed.

Several errors are assigned, but only one will be considered, as it is determinative of these appeals, and as we think the others are without merit.

Does the complaint state a cause of action? The plaintiff does not sue in his individual capacity, but as trustee in bankruptcy. Therefore, his complaint must contain averments sufficient to entitle him to standing in court in such representative capacity. His election as trustee depended upon the prior adjudication in bankruptcy, a reference of the matter to a referee, a meeting of the creditors, and his selection as such trustee. In order to avoid the necessity of pleading the various steps taken in the course of the litigation, section 745 of the Code of Civil Procedure was adopted. It provides: "In pleading a judgment, or other determination of a court, officer or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. * * * "

In construing section 456 of the California Code of Civil Procedure, which is identical with our section 745, above, the supreme court of California, in *Young* v. *Wright,* 52 Cal. 407, said: "But the answer avers that the judgment was 'duly rendered,' and it is contended that this was sufficient under section 456 of the Code of Civil Procedure. That section provides that 'in pleading a judgment or other determination of a court, officer or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made.' A party wishing to avail himself of a provision of this character must comply strictly with its terms. In exonerating him from an obligation which would otherwise be incumbent upon him, the statute prescribes the precise conditions on which he is to be relieved, and they must be strictly performed. In this case the averment is not that the judgment was duly 'given or made,' but that it was duly 'rendered,' and we are inclined to think these are not equivalent terms. A judgment is duly 'rendered' when it is duly pronounced and ordered to be entered. (*Gray* v. *Palmer,* 28 Cal. 416; *Peck* v. *Courtis,* 31 Cal. 207; *Genella* v. *Relyea,* 32 Cal. 159.) But a judgment duly 'made or given' is a complete judgment, properly entered in the judgment-book, so that it may be pleaded in bar of another action. But whether this be so or not, the statute defines the precise terms on which a party pleading a judgment may be excused from stating in his pleading the jurisdictional facts; and to prevent the necessity of construing doubtful phrases, in order to determine whether they are of equivalent import, the better practice is to require the pleader in such cases to pursue the statute strictly." This language was quoted with approval by this court in *Harmon* v. *Comstock H. & C. Co.,* 9 Mont. 243, 23 Pac. 470, and the doctrine therein announced has become firmly fixed as the rule of law in this state, and is as applicable in this case as if a final judgment was attempted to be pleaded and relied upon. (*Weaver* v. *English,* 11 Mont. 84, 27 Pac. 396; *Walter* v. *Mitchell,* 25 Mont. 385, 65 Pac. 5; *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044.)

Tested by this rule, the complaint fails to state a cause of action. It is not alleged that any order of the United States court was ever *duly given* or *made* adjudging the Deerfield Mercantile Company, or the individual partners, bankrupts, and, under the decisions above, the allegations of paragraph 2 of the complaint herein quoted are wholly insufficient for that purpose.

The question as to whether the complaint is not also fatally defective as a complaint in claim and delivery, in that it shows upon its face that the defendant did not have the property in his possession at the time this action was brought, but had disposed of it long prior thereto, is not urged here, and nothing need be said further than to call the attention of the trial court and counsel to this matter.

For the reasons given, the judgment and order are reversed and the cause remanded.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.