## FRANK H. STRECKER v. EDWARD RAILSON.

Opinion filed March 12, 1907.

**Pleading Foreign Justice's Judgment.**

1. A complaint in an action upon a judgment of a justice of the peace of a sister state which fails to allege specifically the facts showing that such court had jurisdiction, both of the subject matter and of the person of the defendant, or that such judgment was "duly given or made," as provided in section 6871, Rev. Codes 1905, or words of the exact equivalent, fail to state facts sufficient to constitute a cause of action.

**Proof of Foreign Justice's Judgment — Authenticated Copy Insufficient.**

2. A judgment rendered by a justice of the peace of a sister state cannot be proved in this state by an authenticated copy of the record of such justice's court, as neither the act of Congress (Rev. St. section 905 [U. S. Comp. St. 1901, page 677]) nor section 7292, Rev. Codes 1905, relates to the authentication of copies of records of courts of limited jurisdiction in other states.

**Same — Transcript of Judgment.**

3. A transcript of this judgment having been filed in the office of the clrek of the district court in the county where rendered, it was sought to prove the same by an authenticated copy of the records of the district court, but this was equally inadmissible.

Appeal from District Court, McIntosh County; *Allcn, J.*

Action by Frank H. Strecker against Edward Railson. From a judgment of the district court on appeal from a judgment rendered by a justice, defendant appeals.

Reversed and remanded.

*A. W. Clyde,* for appellant.

In pleading a foreign justice judgment, the facts must be set forth showing the jurisdiction of the subject matter and of the person, as at common law. Lee v. Terbell, 33 Fed. 850; Ault v. Zehring, 38 Ind. 429; Halsted v. Black, 17 Abb. Pr. 227; Archer v. Romaine, 14 Wis. 375; Kronberg v. Elder, 18 Kan. 150; Gebhard v. Garner, 12 Bush. 321; Karns v. Kunkle, 2 Minn. 313 (Gill. 268); Hollister v. Hollister, 10 How. Pr. 532; De Noble v. Lee, 61 How. Pr. 275; Riddelt v. Harrell, 71 Cal. 254; Young v. Wright, 52 Cal. 407; Thomas v. Robinson, 3 Wend. 268; Scanlan v. Murphy, 53 N. W. 799; Pierstoff v. Jorges, 56 N. W. 735; Edwards v. Hellings, 33 Pac. 799; Spooner v. Warner, 2 Ill. App. 240; Snyder v. Snyder,

25 Ind. 399; Baker v. Flint, 63 Ind. 137; Keys v. Grannis, 3 Nev. 548; Hopper v. Lucas, 86 Ind. 43; Ellis v. White, 25 Ala. 540; Mc-Laughlin v. Nichols, 13 Abb. Pr. 244; Fisher v. Fielding, 32 L. R. A. 236; Cornell v. Barnes, 7 Hill 35; Quivy v. Baker, 37 Cal. 465; Douglas v. Phoenix, 44 N. Y. S. 237, 18 N. Y. Supp. 259; Gum Elastic Co. v. Mexico, 30 L. R. A. 700.

The judgment must be alleged by appropriate words. Brady v. Murray, 19 Ind. 258; Harlow v. Hamilton, 6 How. Pr. 475; Memphis, Col. v. Newton, 2 Handy 163; Pierstorf v. Jorger, supra; Fisher v. Fielding, supra; Croker v. Croker, 18 Ind. 156; Penrose v. Pacific Ins. Co., 66 Fed. 253; Fairbanks v. Bloomfield, 2 Duer 349; 2 Ab. Pl. 331.

Copies of judicial proceedings of other states are admissable as evidence only by statute. 1 Gr. on Ev. (16 Ed.) 501, 507; 17 Cyc. 361, 362. Particularly Justice's Judgment. Magee v. Scott, 32 Pa. St. 539; Geohegen v. Eckles, 4 Bibb. 5.

Statutes relating to copies are applicable only to courts of record. 1 Gr. on Ev. (16 Ed.) 505; Warren v. Flagg, 2 Pick. 448; Robinson v. Prescott, 4 N. H. 450; Mahurin v. Beckford, 6 N. H. 567; Silver Lake v. Harding, 5 O. 545; Bryan v. Farnsworth, 19 Minn. 239 (Gill. 198); Duvall v. Ellis, 13 Nev. 203.

*Ncls Larsen,* for respondent.

A judgment of a court of common pleas by transcript from a justice court is admissable. Rowley v. Carron, 117 Pa. St. 52, 11 Atl. 435.

When the official character of justice is certified by a county clerk, justice's certificate to a copy of judgment of his court renders it admissible. Pelton v. Platner, 13 Ohio, 209; Silver Lake Bank v. Harding, 5 Ohio 545.

FISK, J. This appeal is from a judgment of the district court of McIntosh county rendered in plaintff's favor pursuant to a verdict directed by the court. The action was brought to recover upon an alledged judgment rendered by a justice of the peace of Kandiyohi county, Minn. The errors complained of relate to the sufficiency of the complaint and of the competency and sufficiency of the evidence introduced by plaintiff. The complaint is as follows:

"1. That at the times hereinafter mentioned H. J. Ramsett was a justice of the peace in and for the county of Kandiyohi, state of Minnesota, and under and by virtue of the law of said state had au-

thority as such justice to hold court and had jurisdiction as such to render the judgment hereinafter described. That on the 31st day of December, 1894, the plaintiff recovered a judgment against the defendant of the sum of $71.53, rendered and given by the said justice of the peace.

2. That at the time hereinafter mentioned Mason W. Spicer was a justice of the peace in and for the county of Kandiyohi, state of Minnesota, and under and by virtue of the laws of said state had jurisdiction as such to make a certified transcript of the judgment above described. That a certified transcript of such judgment was duly made by Mason W. Spicer, and was filed in the office of the clerk of the district court of the county of Kandiyohi, state of Minnesota, which judgment was duly entered and docketed on September 30, 1902, for the sum of $71.78, and the additional costs of $1.45, making a total amount of $73.23.

3. That no part of said judgment has been paid or satisfied, and that there is now due and owing to said plaintiff, who is now the legal owner and holder of said judgment, from the said defendant upon the said judgment, the sum of $73.23, with interest," etc.

The answer consists of a general denial. Counsel for defendant attacked the sufficiency of the complaint by motion to dismiss made prior to the trial, and by a like motion made at the close of the testimony, which motions were denied and exceptions allowed by the court. The specific objections to the complaint were:

1. That it contains no allegations that the pretended judgment was duly rendered or made, or that the court therein mentioned had jurisdiction of the subject matter or of the person of this defendant, and no fact is alleged showing that said court had jurisdiction of the subject-matter or of the person of this defendant.

2. That the complaint does not set forth the pretended judgment either in terms or in substance according to its legal effect, or otherwise allege the judgment or determination of the court on which the action is founded."

At the proper time the defendant objected to the introduction of any evidence under the complaint upon the same grounds stated in the motion, which objection was overruled and an exception saved. We think these rulings constitute error.

It is well settled that in pleading a judgment of a court of special or limited jurisdiction all the facts must be alleged specifically showing jurisdiction both of the subject-matter and of the person, unless

the statutory method prescribed in section 6871, Rev. Code 1905, is followed. 11 Enc. Pl. & Pr. 1134; 23 Cyc. 1515, and cases cited; Phillips on Code Pleading, sections 374, 375; Hopper v. Lucas, 86 Ind. 34; Shockney et al. v. Smiley, 13 Ind. App. 181, 41 N. E. 348; Mears v. Shaw, 32 Mont. 575, 81 Pac. 338; People v. Bacon, 37 App. Div. 414, 55 N. Y. Supp. 1045; Hunt v. Dutcher, 13 How. Prac. (N. Y.) 539; Harmon v. Comstock, etc., Co., 9 Mont. 243, 23 Pac. 470; Weaver v. English, 11 Mont. 84, 27 Pac. 396. In this state, as well as nearly, if not all the states of the Union, the necessity of setting forth all the facts showing jurisdiction as required at common law is dispensed with by statute. The statutory rule is similar in all the states, and in this state it provides that, "in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation is controverted, the party pleading shall be bound to establish on the trial of the facts conferring jurisdiction." Rev. Codes 1905, section 6871. While there is some diversity of opinions among the decisions of the courts, we think the weight of authority is that such statute applies to judgments of inferior courts of sister states, as well as to all other judgments. 23 Cyc, 1516; 11 Enc. Pl. & Pr. 1040; Phillips' Code, Pl. section 375; Maxwell Code Pl. 90. There is also some little diversity of opinion as to whether this statute must be strictly complied with in order to reap the benefit of it; but the weight of authority seems to be that the pleading must be couched in the exact words of the statute, or in words of exactly the equivalent meaning. And this we believe to be the correct rule. As stated in Phillips in his work on Code Pleading (section 375): "The word 'duly' seems to be essential. An averment that 'judgment was rendered,' or that 'a judgment was entered,' is not sufficient." See 23 Cyc. 1516, and 11 Enc. Pl. & Pr. 1138, and cases cited; also Mears v. Shaw, 32 Mont. 575, 81 Pac. 338; Shockney v. Smiley, 13 Ind. App. 181, 41 N. E. 348; People v. Bacon, 37 App. Div. 414, 55 N. Y. Supp. 1045. The complaint in the case at bar does not conform to the statute above mentioned. It alleges merely that the plaintiff recovered a judgment against the defendant for the sum of $71.53, rendered and given by the said justice of the peace; nor does it allege facts showing that the justice had jurisdiction of the subject of the action and of the person of the defendant. It merely alleges a conclusion of law that

the justice had jurisdiction as such to render the judgment sued upon. We therefore hold that this complaint fails to state facts sufficient to constitute a cause of action, and the defendant's objection thereto was well founded, and should have been sustained.

This brings us to appellant's third assignment of error, which is that the court erred in overruling his objection to the introduction of plaintiff's Exhibit A. This exhibit consists of an exemplification of the record of the proceedings in the justice's court in the action in which the judgment in suit is alleged to have been rendered, and the appellant's objection is aimed at the competency of such proof; he contending that a foreign justice's court judgment cannot be proved in this manner. In this we think he is clearly correct. Neither the act of congress (Rev. St., section 905, [U. S. Comp. St. 1901, p. 677]) nor Revised Codes N. D. 1905, section 7292, relating to the authentication of copies of judicial records of other states, applies to the records of courts of limited jurisdiction. Enc. Pl. & Pr. 842; 2 Elliott on Ev., sections 1374, 1375, and cases cited; 23 Cyc. 1568. This being true, plaintiff could prove such judgment only by the methods known to the common law or as other facts are proved.

Plaintiff, evidently with intent to obviate the above objection, sought to introduce Exhibit B, which purports to be an abstract of the judgment of the justice on file in the office of the clerk of the district court of Kandiyohi county, Minn., authenticated in the manner required for the authenticating foreign judicial records, and defendant complains of the ruling of the trial court in receiving the same in evidence. This ruling was also erroneous. The filing of such abstract in the clerk's office did not make such judgment thereafter a judgment of the district court (Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292), and hence such authenticated copy was clearly incompetent.

The two exhibits above mentioned being the only evidence offered by plaintiff to prove his cause of action, defendant's motion made at the close of the testimony to dismiss the action for failure of proof should have been granted.

For the foregoing reasons, the judgment appealed from is reversed, and the cause remanded for further proceedings according to law, appellant to recover his costs and disbursements in both courts. All concur.