### HUIE v. DEVORE.

(Supreme Court, Appellate Division, Third Department. May 20, 1910.)

1. EVIDENCE (§ 348*)—DOCUMENTARY EVIDENCE—TRANSCRIPT OF FOREIGN JUDGMENT—AUTHENTICATION.

> In an action on a judgment of a justice of the peace of a foreign state, a transcript of the judgment, attested by the ordinary certificate of the clerk and the certificate of the judge of a court of common pleas, is inadmissible, since 'it fails to comply with Code Civ. Proc. § 948, providing that such a transcript must be subscribed by the judge who rendered the judgment, or with section 949, providing that such transcript shall be authenticated by a certificate of the justice annexed thereto, or with Act Cong. May 26, 1790, c. 11, 1 Stat. 122, providing that a record of a judgment of a foreign state shall be attested by the clerk with the seal of the court annexed, if there be a seal, together with a certificate of the judge that such attestation is in due form.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§. 1361–1383; Dec. Dig. § 348.*]

---

2. EVIDENCE (§ 348*)—DOCUMENTARY EVIDENCE—JUDGMENT OF FOREIGN STATE
—AUTHENTICATION.

A transcript of a foreign judgment, rendered by a justice of the peace,
is inadmissible where the certificate of the judge does not state that the
clerk who attested the transcript was a clerk of the court in which the
judgment was rendered, and such defect is not cured by a further recital
in the judge's certificate that the attestation "is in due form."

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1361–1383;
Dec. Dig. § 348.*]

3. JUSTICES OF THE PEACE (§ 134*)—ACTION ON FOREIGN JUDGMENT—BURDEN
OF PROOF.

In an action on a foreign judgment rendered by a justice of the peace,
plaintiff has the burden of proving that the justice had acquired juris-
diction both of the person of defendant and of the subject-matter of the
action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §
424; Dec. Dig. § 134.*]

4. JUSTICES OF THE PEACE (§ 134*)—ACTION ON FOREIGN JUDGMENT—PLEAD-
ING AND PROOF.

Where, in an action on a foreign judgment, plaintiff alleged that the
judgment was rendered by a justice of the peace, he could not recover on
proof of a judgment of the court of common pleas.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 134.*]

Appeal from Sullivan County Court.

Action by George Huie against Mary Devore. From a judgment
for plaintiff and an order denying a motion for a new trial, defendant
appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

Edward C. Sperry, for appellant.
Walter K. Barton, for respondent.

SEWELL, J. This action was brought upon an alleged judgment
of a justice's court of the state of New Jersey, and upon a promissory
note made by the defendant. To prove the judgment the plaintiff
offered in evidence a transcript from the docket book of the justice.
It was objected to on the ground "that it is not authenticated in the
manner prescribed by the Code for the authentication of transcripts
of judgments in justices' courts in adjoining states, nor in the manner
required by law." The court overruled the objection and admitted
the transcript, and this is one of the errors assigned.

I think that the authentication was not such as to warrant its recep-
tion as proof of the judgment alleged in the complaint. It was not
subscribed by the justice who rendered the judgment as required by
section 948 of the Code of Civil Procedure, nor was it authenticated
by a certificate of the justice annexed thereto as prescribed in section
949. Neither was it authenticated in the manner required by the act
of Congress, which provides for the authentication of judicial records
and proceedings of the state courts. Act May 26, 1790, c. 11, 1 Stat.
122. This act prescribes the persons by whom the records shall be
attested. It requires "the attestation of the clerk and the seal of the
court annexed, if there be a seal, together with a certificate of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judge, chief judge or presiding magistrate, as the case may be, that the said attestation is in due form." Under this act, the presiding judge or magistrate can alone certify, and the record is not well proved by a certificate of any other judge of the same court, although of equal authority and rank within the state. Morris v. Patchin, 24 N. Y. 394, 82 Am. Dec. 311. It must appear by the certificate of the judge that he is a judge of the particular court in which the judgment was rendered. The transcript in this case was attested by the ordinary certificate of a clerk and the certificate of a judge of the court of common pleas. It is also to be observed that the certificate of the judge does not state that the clerk who attested the transcript was a clerk of the court in which the judgment was alleged to have been obtained, but that he was a clerk of the circuit court and the court of common pleas. These defects were not cured by the certificate of the judge that the attestation "is in due form." The certificate of a judge as to his authority or as to the authority of any person to make the certificate is of no force if it appears upon the face of the certificate that it does not conform to the statute of the state or the act of Congress. Assuming, however, that the transcript was properly authenticated, it was necessary for the defendant to establish that the justice of the peace had acquired jurisdiction both of the person of the defendant and also of the subject-matter of the action. That would have been necessary if the judgment pleaded had been that of a justice of the peace of this state. Tuttle v. Robinson, 91 Hun, 187, 36 N. Y. Supp. 346; People ex rel. Batchelor v. Bacon, 37 App. Div. 414, 55 N. Y. Supp. 1045. The plaintiff failed to prove such jurisdictional facts. If it be assumed that he properly established the jurisdiction of the New Jersey justice of the peace over the subject-matter of the action pending before him, nevertheless there is an entire absence of facts establishing jurisdiction of the person of the defendant. The proof offered would be insufficient even if the action were one on a judgment of a justice of the peace of this state. It is no answer to these objections that the plaintiff established by legal evidence a judgment of the court of common pleas. The action is upon a justice's judgment. There is no hint in the complaint that such proceedings were had that the judgment became a judgment of the court of common pleas. It is a settled rule that recovery must be had, if at all, according to the allegations of the complaint. "If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." Southwick v. First Nat. Bank, 84 N. Y. 428.

I am therefore of the opinion that the judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.

SMITH, P. J., and HOUGHTON, J., concur. COCHRANE, J., concurs in result. KELLOGG, J., not voting.