(72 Misc. Rep. 380.)

### AMERICAN CUTLERY CO. v. ALEXANDER.

(Supreme Court, Appellate Term. July 3, 1911.)

1. COURTS (§ 188*)—MUNICIPAL COURTS—FOREIGN JUDGMENT—ACTION—JURISDICTION.

Under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 6, providing that the Municipal Court of the city of New York has jurisdiction of an action on a judgment rendered in any court not being a court of record, such court has no jurisdiction of an action on a foreign judgment rendered by a court of record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. COURTS (§ 189\*)—MUNICIPAL COURTS—ACTION ON FOREIGN JUDGMENT—PLEADING.**

Municipal Court Act (Laws 1902, c. 580) § 168, provides that, in pleading a judgment of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment may be stated to have been duly made, and, if that allegation is controverted, the party pleading must establish the facts conferring jurisdiction. *Held,* that such section has no application to an action in the Municipal Court on the judgment of a justice of a foreign state, and that in an action on such judgment the complaint was demurrable for want of facts, where it failed to allege facts showing that the justice had jurisdiction of the subject-matter and of the person of the defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.\*]

Gerard, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the American Cutlery Company against Cecil E. Alexander. From a Municipal Court judgment in favor of plaintiff, and from an order overruling defendant's demurrer to the complaint, he appeals. Reversed, and demurrer sustained.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Hamilton R. Squier, for appellant.
William Wallace Young, for respondent.

SEABURY, J. The complaint fails to state facts sufficient to constitute a cause of action, and the demurrer which was interposed to it upon this ground should have been sustained.

[1] The judgment sued upon was rendered in a justice's court in the state of New Jersey. It is conceded that, if the allegation that the judgment was docketed in the court of common pleas is to be interpreted as equivalent to an allegation that the judgment sued upon became a judgment of a court of record, the Municipal Court is without jurisdiction. Municipal Court Act, § 1, subd. 6. If we disregard the allegation that the judgment was docketed in the court of common pleas, it appears that the judgment sued upon was rendered in an inferior court of limited jurisdiction.

[2] I do not think that section 168 of the Municipal Court act applies to a judgment entered in a court of limited jurisdiction of a foreign state. Halstead v. Black, 17 Abb. Prac. 227, does not so decide. In that case the foreign judgment sued upon was rendered in a court of record having general jurisdiction. In McLaughlin v. Nichols, 13 Abb. Prac. 244, the distinction between actions upon judgments of courts of general and limited jurisdiction was pointed out, and the court declared that the complaint upon a judgment of a foreign court of inferior jurisdiction must set forth the facts showing that the court had jurisdiction of the subject-matter and of the person of the defendant. Proof of these facts is necessary in order to permit a recovery upon a judgment of an inferior court of a foreign state. Huie v. Devore, 138 App. Div. 677, 123 N. Y. Supp. 12. In my opinion section 168 of the Municipal Court act has no application

to the judgments of foreign courts of limited and inferior jurisdiction. In Hollister v. Hollister, 10 How. Prac. 532, 539, the court said:

"It appears to be conceded that section 161 of the Code does not apply to foreign judgments; and it would seem to follow, from this, that a general averment of jurisdiction of a foreign tribunal would not be sufficient."

Judgment and order reversed, and demurrer sustained, with costs, with leave to plaintiff to plead over within five days, upon payment of costs in this court and in the court below.

LEHMAN, J., concurs.

GERARD, J. (dissenting). The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and on the ground that the Municipal Court did not have jurisdiction of the subject-matter of the action. The demurrer was overruled, with leave to defendant to withdraw the demurrer and answer on payment of $10 costs; but defendant stood on the demurrer, and now appeals from the judgment rendered in favor of plaintiff which was thereupon given.

The complaint is based on a judgment of a justice's court in New Jersey, and is drawn on the theory that in pleading a foreign judgment section 168 of the Municipal Court act applies. This section provides that, in pleading a judgment or determination of a court or officer of special jurisdiction, it is not necessary to recite the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made, etc. This section is the same as section 532 of the Code, and there was a similar section in the old Code.

If this section does not apply to a foreign judgment, then the demurrer should have been sustained, because the complaint does not state the facts conferring jurisdiction. Halstead v. Black, 17 Abb. Prac. 227, directly decides that the Code section includes a foreign judgment. In De Nobele v. Lee, 61 How. Prac. 272, the court expressly stated that this question was not decided, and the decision was put on other grounds. And in the McLaughlin Case the decision was on the ground that the complaint did not comply with the Code section. McLaughlin v. Nichols, 13 Abb. Prac. 244.

If this action was brought on a judgment of a court of record, the Municipal Court would not have jurisdiction; but I am of opinion that the statement in the complaint that the judgment was transcripted and docketed in the court of common pleas may be regarded as surplusage. There is no allegation that the judgment thereby became a judgment of the court of common pleas.

The judgment should be affirmed, with costs